## HASKELL vs. CORNISH.[*]

*Twelfth Judicial District Court, October, 1857.*

### PROMISSORY NOTE.

In an action on a promissory note, against the makers thereof, where the note was given to a person to procure the signature of a third party, and was then to be delivered as the note of an association, the plaintiff cannot recover, unless he can show either that he came into possession of it for a valuable consideration, or that the makers expressly recognized it, and against such the verdict may stand.

The material facts are fully stated in the opinion. On motion for a new trial.

*G. P. Fobes*, for plaintiff.

*J. D. Creigh*, for defendant.

NORTON, J.—This is an action founded on a promissory note, made by the defendants, in which the defense set up is that the note is not an individual promise, but was signed by them as trustees, and on behalf of an association, The First African Methodist Episcopal Church. It appeared that Cornish and Lewis executed this note as trustees of this association, and on behalf of the whole board, and that they then delivered it to one Harris, who was to have obtained the signature of

[*] See ante, p. 112.

another member of the board previous to the delivery of the note. This he failed to do, and the plaintiff, in whose possession it now is, brings this action upon it, against the two makers whose names appear.

After it came into plaintiff's possession the defendant, Cornish, saw it and remarked, " it's all right," or something to that effect. Lewis does not seem to have seen or recognized the note, in any manner, after its delivery to Harris. There is no proof, as far as he is concerned, that would raise the presumption of an implied assent on his part, for it is not shown that he ever saw the note, or heard, or knew anything about it after Harris took it for the purpose mentioned. The plaintiff introduced no evidence to prove that he was an innocent purchaser, that he came into possession of it in the regular course of trade, or that he received it for any valuable consideration whatever.

Inasmuch as the defendants did not intend that the note should be delivered until after the signing by their co-trustee, I should hold, in the absence of all proof that the plaintiff actually was a *bona fide* innocent purchaser, that he would not be entitled to recover unless it could also be shown that the defendants had, in some manner, manifested their acquiescence in the form of the note, in its present condition.

There is proof of this character, as already stated, against one of the defendants, but none against the other. If the verdict had been against both, as I at first supposed, it would have to be set aside; but as it was only taken against Cornish, it may stand.